UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Latoya McCrae,<br><br>                Plaintiff,<br><br>-against-<br><br>Trans Union LLC,<br><br>                Defendant.[1] | Case No. 1:23-cv-07971 (JLR)<br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

       Latoya McCrae ("Plaintiff") sued Trans Union LLC ("Defendant") in the Civil Court of the City of New York, Bronx County, on August 10, 2023.  ECF No. 1-1 (the "Complaint" or "Compl.").  Before the Court is Defendant's motion to dismiss the Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6).  ECF No. 8 ("Br.").  For the reasons set forth below, Defendant's motion is granted, but Plaintiff is granted leave to file an amended complaint.

## BACKGROUND

       The Complaint's allegations are, in full: "Failure to provide proper services for $25,000.00 with interest from 06/01/2022.  Violations on several provisions under the fair debt collection practices and fraudulent practices on consumer credit report."  Compl. at 2.  Like Defendant, *see* ECF No. 1 ("Notice of Removal") ¶ 2, the Court construes the Complaint as raising claims under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.*

---

[1] The Clerk of Court is respectfully directed to amend the official caption to conform with the caption above.

1

Invoking federal-question jurisdiction, Defendant removed the case to this Court on September 8, 2023. Notice of Removal ¶ 3. On September 15, 2023, Defendant moved to dismiss. Br. The motion is fully briefed. ECF Nos. 11 ("Opp."), 12.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must allege "more than a sheer possibility that a defendant has acted unlawfully" and more than "facts that are 'merely consistent with' a defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Because Plaintiff is *pro se*, the Court "liberally construe[s]" her filings and reads them "to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (citation omitted). But "even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure." *Land v. Salotti*, 613 F. Supp. 3d 669, 674 (W.D.N.Y. 2020). "[T]he Court's duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it," *Zoulas v. N.Y.C. Dep't of Educ.*, 400 F. Supp. 3d 25, 48 (S.D.N.Y. 2019) (quotation marks and citation omitted), and "district courts 'cannot invent factual allegations' that the plaintiff has not pleaded," *Paupaw-Myrie v. Mount Vernon City Sch. Dist.*, 653 F. Supp. 3d 80, 94 (S.D.N.Y. 2023) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

## DISCUSSION

Defendant argues that the Complaint "lacks the requisite details required to support any claim against [Defendant], let alone claims under the FDCPA or [the] FCRA." Br. at 2. The Court agrees.

"To state a claim under the FDCPA, a plaintiff must show (1) she has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Robinson v. Victory Mitsubishi*, No. 23-cv-00385 (LJL), 2023 WL 5509312, at *3 (S.D.N.Y. Aug. 25, 2023) (brackets and citation omitted). The Complaint alleges only that Defendant "[f]ail[ed] to provide proper services" and "[v]iolat[ed] . . . several provisions" of the FDCPA, Compl. at 2, but such barebones allegations fall short of what is required to state a claim, *see Iqbal*, 556 U.S. at 678. The Complaint is devoid of nonconclusory allegations indicating that Plaintiff "has been the object of collection activity arising from consumer debt," that Defendant "is a debt collector as defined by the FDCPA," or that Defendant "has engaged in an act or omission prohibited by the FDCPA." *Robinson*, 2023 WL 5509312, at *3 (citation omitted). Plaintiff thus fails to state a claim under the FDCPA.

Plaintiff's FCRA claim fares no better. The FCRA requires a consumer-reporting agency (a "CRA") to "follow reasonable procedures to assure maximum possible accuracy of the information" in a credit report. 15 U.S.C. § 1681e(b). "A consumer harmed by a CRA's failure to follow such reasonable procedures may bring a civil action against the CRA." *Sessa v. Trans Union, LLC*, 74 F.4th 38, 42 (2d Cir. 2023). "To prevail in such an action, the consumer must establish that the challenged report is inaccurate." *Id.* At the pleading stage, a plaintiff must "identify the specific information on her credit report that is inaccurate and explain why the identified information is inaccurate." *Cabrera v. Experian*, No. 21-cv-08313

3

(LTS), 2021 WL 5166980, at *3 (S.D.N.Y. Nov. 5, 2021) (brackets and citation omitted). Clearly, Plaintiff has failed to do so here. *See generally* Compl.[2]

Plaintiff asserts additional facts in her opposition to Defendant's motion to dismiss. *See generally* Opp. Even if these additional facts would suffice to state a claim (something that the Court need not decide), "it is axiomatic that a complaint cannot be amended by a brief filed in opposition to a motion to dismiss." *Aira Jewels, LLC v. Mondrian Collection, LLC*, No. 23-cv-04510 (JLR), 2024 WL 1255798, at *3 (S.D.N.Y. Mar. 25, 2024) (brackets and citation omitted); *accord Pauwels v. Deloitte LLP*, 83 F.4th 171, 190 n.8 (2d Cir. 2023) ("The law is clear that a party may not amend pleadings through a brief." (brackets and citation omitted)).[3]

Defendant requests that the Complaint be dismissed with prejudice, without allowing Plaintiff to file an amended complaint. *See* Br. at 4. The Court denies this request. Although Plaintiff has not requested leave to amend, *see generally* Opp., "the Court may grant leave to amend *sua sponte*," *Secure Source Claims Co. v. Miller*, No. 22-cv-09764 (JGLC), 2024 WL 1342804, at *9 (S.D.N.Y. Mar. 29, 2024) (citation omitted). "When deciding whether to *sua sponte* grant leave to amend, courts will consider many factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing

---

[2] To the extent that the Complaint may be construed as raising a claim under 15 U.S.C. § 1681i, that provision of the FCRA likewise requires a plaintiff to "demonstrate that her credit report contained inaccurate information." *Cohen v. Equifax Info. Servs., LLC*, 827 F. App'x 14, 16 (2d Cir. 2020) (summary order); *accord Cabrera*, 2021 WL 5166980, at *3. Plaintiff has not so pleaded.

[3] Some courts have stated that "when a plaintiff proceeds pro se, the Court may consider materials outside the complaint to the extent that they are consistent with the allegations in the complaint, including documents that a pro se litigant attaches to h[er] opposition papers." *Barkai v. Mendez*, 629 F. Supp. 3d 166, 182 (S.D.N.Y. 2022) (quotation marks and citations omitted). Assuming that is so, Plaintiff did not provide additional documents with her opposition brief. *See generally* Opp.

party, and futility." *Id.* (citation omitted). Here, *sua sponte* grant of leave to amend is warranted because (among other reasons) Plaintiff is *pro se*, Plaintiff has not yet amended her complaint, it is not obvious that amendment would be futile, and any prejudice to Defendant would be minimal. *See id.*; *Elder v. McCarthy*, 967 F.3d 113, 132 (2d Cir. 2020) ("Where a district court cannot rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim, a pro se complaint should not be dismissed without granting leave to amend at least once." (quotation marks and citation omitted)). Therefore, the Court grants Plaintiff leave to file an amended complaint within 35 days of this memorandum opinion and order.

## CONCLUSION

Defendant's motion to dismiss the Complaint is GRANTED. Plaintiff may file an amended complaint within **thirty-five (35) days** of this memorandum opinion and order addressing the deficiencies identified herein. If Plaintiff does not file an amended complaint by that deadline, the Court will enter judgment in favor of Defendant and close the case.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 7 and mail a copy of this opinion to Plaintiff.

Dated: April 29, 2024
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

5